# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**February 3, 2017**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**THEODORE B. STUART,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0170** (BOR Appeal No. 2050787)
            (Claim No. 2009090183)

**WEST VIRGINIA DIVISION OF JUVENILE SERVICES,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Theodore B. Stuart, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Division of Juvenile Services, by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 1, 2016, in which the Board affirmed an August 17, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 22, 2014, decision which denied a reopening of the claim for permanent partial disability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Stuart, a correctional counselor, was injured in the course of his employment on April 29, 2009, while doing martial arts training. The claim was held compensable for lumbar strain, lumbosacral strain, and sacroiliac strain. A lumbar MRI taken on May 28, 2009, revealed facet arthritic changes at L4-5, and degenerative disc disease with a mild disc bulge and mild facet arthritic changes at L5-S1. There were no disc herniations or spinal stenosis.

1

Mr. Stuart was treated for the compensable injury by Michael Shramowiat, M.D. On July 7, 2009, Dr. Shramowiat noted that Mr. Stuart reported neck and lower back pain. He diagnosed lumbar strain, lumbosacral strain, cervical radiculopathy, and cervical disc herniation with myelopathy. On August 5, 2009, it was noted that the lower back symptoms were improving. On May 9, 2010, Mr. Stuart reported severe pain in his lower back and right leg. On March 19, 2012, Mr. Stuart again reported ongoing neck and mid back pain. He stated he had a prior claim in 2006 for the thoracic spine. He reported that he was experiencing increased numbness in his left leg.

On April 13, 2010, a lumbar CT showed early findings of degenerative disc disease at L5-S1 and mild spinal stenosis at L4-5, secondary to a mild bulge of the disc and degenerative changes of the facets. An MRI taken on April 3, 2012, revealed a central and bilateral paracentral disc protrusion at L5-S1 abutting the right S1 nerve root. It also showed mild arthropathy with stenosis at L5-S1. A thoracic MRI showed mild multilevel degenerative disc changes with small degenerative nodes at T6-7 and T9-10.

The claims administrator closed the claim for permanent partial disability benefits on October 14, 2009. On August 18, 2011, the Office of Judges affirmed a denial of a request to add lumbar and cervical radiculopathy to the claim. That decision was subsequently affirmed by the Board of Review and this Court.

On November 14, 2013, Mr. Stuart was treated by William Zerick, M.D., who noted that Mr. Stuart suffered a work-related injury in April of 2009 that resulted in neck pain that radiated into his left arm. Studies had shown a disc herniation at C5-6. He also reported pain that radiates into his leg and an MRI showed a disc herniation at L5-S1. Dr. Zerick recommended surgery at C5-6 and L5-S1.

In a September 24, 2014, independent medical evaluation, Bruce Guberman, M.D., noted that Mr. Stuart's symptoms had improved with surgery but only partially. He still had daily lumbar spine pain and leg pain, weakness, and tingling. Dr. Guberman noted that he injured his thoracic and lumbar spine in 2006 during a training exercise at work. He had intermittent lower back pain since that time, but it became more severe after the April 29, 2009, injury. Dr. Guberman diagnosed chronic post-traumatic lumbar sprain and disc herniation at L5-S1 superimposed on spondylolisthesis. He found that Mr. Stuart had reached maximum medical improvement. He opined that the herniated lumbar disc was the result of the compensable injury. Spondylolisthesis was determined to be due to a combination of the compensable injury and subsequent degeneration of the spine. It was not noted on MRIs prior to April 2013, and therefore, was likely not congenital in nature. He also opined that since it was not present until after the compensable injury, the injury is a significant contributing cause of the condition. He concluded that Mr. Stuart would not have required surgery for the spondylolisthesis, even if it were congenital, if not for the compensable injury. Dr. Guberman opined that the surgery performed by Dr. Zerick, including all post-operative care, was necessary as a result of the April 29, 2009, injury and therefore, it should be authorized.

Marsha Bailey, M.D., performed an independent medical evaluation on May 19, 2015. She opined that Mr. Stuart suffered from chronic lower back pain without lower extremity radiculopathy. She further opined that his perceived disability far outweighs his actual impairment. She agreed with Sushil Sethi, M.D., who opined in his evaluation that Mr. Stuart's MRIs show only normal age-related changes. Dr. Bailey opined that he may have sustained a simple sprain/strain to his lumbar spine as a result of the compensable injury. That injury would be long resolved and not responsible for his ongoing complaints of worsening pain, which date to at least April 16, 2004. Dr. Bailey stated that the remainder of the diagnoses that Mr. Stuart has received throughout his claim have been, and are still, unrelated to the compensable injury. She opined that he had reached maximum medical improvement for the compensable injury long ago and no further treatment of any kind is necessary. Dr. Bailey assessed 0% impairment and opined that the lumbar surgery was undertaken to treat non-compensable conditions. Lastly, she stated that she did not understand Dr. Guberman's opinion, including the need for surgery, as Mr. Stuart's surgically treatable conditions did not develop until three years following his compensable injury.

The claims administrator denied a request to reopen the claim for permanent partial disability on October 22, 2014. The Office of Judges affirmed the decision in its August 17, 2015, Order. It found that the claim was held compensable for lumbar, lumbosacral, and sacroiliac sprain/strains. A request to add the diagnoses of stenosis, herniated disc, and spondylolisthesis was denied in a May 18, 2015, Office of Judges' Order. The Office of Judges determined in that case that the request was made over four years after the injury occurred, and Mr. Stuart had a documented history of degenerative disease, as seen on his MRIs. In the instant case, the Office of Judges found that Dr. Bailey evaluated Mr. Stuart and found that his MRIs repeatedly document only age-related changes. She opined that he merely sustained simple sprains/strains as a result of the compensable injury and has 0% impairment. Dr. Guberman also evaluated him; however, he recommended 25% impairment. The Office of Judges found that his impairment recommendation was unreliable because Dr. Guberman attributed several of Mr. Stuart's non-compensable conditions to the work injury, including stenosis, spondylolisthesis, and disc herniation. Dr. Bailey, who evaluated Mr. Stuart after Dr. Guberman, found no aggravation or progression of his compensable conditions, nor any facts not previously considered. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 1, 2016.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Dr. Bailey's evaluation and conclusions are supported by the evidence of record. She found that Mr. Stuart's injury had long resolved and assessed 0% impairment. Dr. Guberman's evaluation was unreliable, and the Office of Judges and Board of Review were correct not to rely on it.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum